**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**TIM AND PENNY KELLY, individually and
by their power of attorney over RUTH KELLY**            **PLAINTIFFS**

**VS.**            **CIVIL ACTION NO. 3:21-cv-00131-NBB-RP**

**STATE FARM FIRE AND CASUALTY COMPANY
and JOHN DOES A-E**            **DEFENDANTS**

**AGREED ORDER REGARDING
DEFENDANT STATE FARM'S MOTION TO DISMISS FOR FAILURE TO JOIN
MORTGAGEES AS NECESSARY PARTIES**

**NOW,** the Court having before it the Motion [Doc. 19] of State Farm Fire and Casualty Company seeking to dismiss the action for failure to join necessary parties or alternatively to require they be given notice of the instant proceedings, and having been fully advised in the premises that the parties hereto agree that Specified Loan Servicing, LLC and BankPlus, are necessary and proper parties hereto, as the respective mortgagees of the 1654 Slocum Road and 1658 Slocum Road properties which Plaintiffs claim suffered damage which is covered by certain policies of insurance issued by Defendant. As mortgagees, Specified Loan Servicing, LLC and BankPlus have interests in any insurance proceeds which may be adjudicated due and owing to the Plaintiffs in this matter, and that full and final resolution of the claims made herein cannot be made without affording the mortgagees an opportunity to participate in the litigation to assert their own claims for such proceeds and/or for protection of the mortgagees' interests in such proceeds. however, the parties further have agreed that Specified Loan Servicing, LLC and BankPlus will not likely desire to fully participate in the instant litigation as parties over the damage to the Plaintiffs' properties so long as their interests are fully protected. The Court agrees, and finds as follows:

State Farm asserts that the absence of the mortgage lenders, whom State Farm contends are additional insureds under the insurance policy at issue, makes it impossible for this action to finally resolve all the issues related to its potential liability under the policies. State Farm reasons that the adjudication of the merits of the claims asserted by Plaintiff would not necessarily resolve the potential claims of the mortgage lenders. The Court agrees.

Federal Rule of Civil Procedure 19(a)(b) reads as follows:

**Rule 19. Required Joinder of Parties**

**(a)** PERSONS REQUIRED TO BE JOINED IF FEASIBLE.
  (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
    (A) in that person's absence, the court cannot accord complete relief among existing parties; or
    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
      (i) as a practical matter impair or impede the person's ability to protect the interest; or
      (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
  (2) *Joinder by Court Order*. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
  (3) *Venue*. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.
**(b)** WHEN JOINDER IS NOT FEASIBLE. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
  (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
  (2) the extent to which any prejudice could be lessened or avoided by:
    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;
  (3) whether a judgment rendered in the person's absence would be adequate; and

      (4)      whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

. . .

*Fed.R.Civ.P. 19(a)(b)*.

While the Court finds that State Farm is correct with respect to the joinder of the mortgage lender, justice does not necessarily require that it order the immediate joinder of the mortgage lender. The Court is mindful of the potential for the mortgage lenders to incur substantial expenses by participating as a party in an insurance dispute over which it has no interest other than to secure its payment of policy benefits, if policy proceeds are awarded. The Court is also mindful that the joinder of an additional party at this time may result in considerable delay in order to allow for meaningful participation by the mortgage lender.

The issue that the parties raise can be resolved in one of three ways, and the Court is of the opinion that the mortgage lender should be afforded a choice in how to proceed. Accordingly, the Court will fashion a remedy that will afford the mortgage lender three alternatives:

1. The mortgage lenders shall have the option of intervening in this action and participating as parties in alignment with Plaintiff. In order to select this alternative, the mortgage lenders shall each file a Complaint for Intervention setting out a concise summary of their claims for relief and the facts that support its interest in the pending action. The Complaint in Intervention must be filed within forty-five (45) days of receipt of this Order.

2. The mortgage lenders shall have the option of approving and ratifying the actions of Plaintiffs in bringing and prosecuting this action and shall thereby agree to be bound by the ultimate decision in this action. In the event the mortgage lenders choose this option, the lenders must do so by filing a written statement into the record in this case indicating its approval and ratification of the prosecution of this action by Plaintiffs.

3. The mortgage lenders may take no action. This will result in the mortgage lenders being made party Defendants under Federal Rule of Civil Procedure 19, subject to being realigned as a Plaintiff if the mortgage lenders' interests are found to be substantially identical to the interest of Plaintiffs vis the insurance contract.

*See Eikel v. States Marine Lines, Inc.,* 473 F.2d 959 (5th Cir. 1973); *Necaise v. Oak Tree Savings Bank, SSB*, 645 So.2d 1311 (Miss. 1994).

In all events, any judgment which may be ultimately rendered in this action will be payable in accordance with the law and the insurance contract, as the interests of those who are shown as insureds and loss payees in the insurance contract.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, Plaintiffs shall, within forty-five (45) days of the entry of this Order, mail a copy of this Order to the mortgage lenders who are shown as loss payees or additional insureds on the State Farm policies at issue, that Plaintiffs shall file into the record in this case a certificate of mailing this document, and that the mortgage lender may exercise one of three options:

1. The mortgage lenders shall have the option of intervening in this action and participating as parties in alignment with Plaintiff. In order to select this alternative, the mortgage lenders shall each file a Complaint for Intervention setting out a concise summary of their claims for relief and the facts that support its interest in the pending action. The Complaint in Intervention must be filed within forty-five (45) days of receipt of this Order;

2. The mortgage lenders shall have the option of approving and ratifying the actions of Plaintiffs in bringing and prosecuting this action and shall thereby agree to be bound by the ultimate decision in this action. In the event the mortgage lenders choose this option, the lenders must do so by filing a written statement into the record in this case indicating its approval and ratification of the prosecution of this action by Plaintiffs;

3. The mortgage lenders may take no action. This will result in the mortgage lenders being made party Defendants under Federal Rule of Civil Procedure 19, subject to being realigned as a Plaintiffs if the mortgage lenders' interests are found to be substantially identical to the interest of Plaintiffs vis the insurance contract.

In all events, any judgment which may be ultimately rendered in this action will be payable in accordance with the law and the insurance contract, as the interests of those who are shown as an insured and loss payees in the insurance contract may appear.

**SO ORDERED AND ADJUDGED,** this the 15th day of October, 2021.

/s/ Neal Biggers
**UNITED STATES DISTRICT JUDGE**

**Agreed:**

/s/ Roechelle R. Morgan
Roechelle R. Morgan, MSB # 100621
WEBB, SANDERS & WILLIAMS, PLLC
Post Office Box 496
Tupelo, MS 38802-0496
662-844-2137
662-842-3863 (Facsimile)
rmorgan@webbsanders.com
***Attorney for Defendant, State Farm Fire and Casualty Company***


/s/ Lance L. Stevens
Lance L. Stevens, MSB #7877
STEVENS LAW GROUP, PLLC
190 Gateway Drive, Ste. A
Brandon, MS 39042
(601) 829-6618
lance@stevenslawgrouppllc.com
***Attorney for Plaintiffs, Tim and Penny Kelly, individually and by their power of attorney over Ruth Kelly***